FILED'05 OCT 03 14:55USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KLAMATH-SISKIYOU WILDLANDS
CENTER,

    Plaintiff,

vs.

MEDFORD DISTRICT OF THE BUREAU
OF LAND MANAGEMENT,

    Defendant.

Civil No. 04-3077-CO
O R D E R

AIKEN, Judge:

    Magistrate Judge Cooney filed his Findings and Recommendation on July 15, 2005. The matter is now before me pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). When a party objects to any portion of the Magistrate's Findings and Recommendation, the district court must make a de novo determination of that portion of the Magistrate's report. 28 U.S.C. § 636(b)(1)(B); McDonnell Douglas Corp. v. Commodore Business Machines, 656 F.2d 1309, 1313 (9th Cir. 1981), cert. denied, 455 U.S. 920 (1982).

    Plaintiff has timely filed objections. I have, therefore, given the file of this case a de novo review. Regarding the first issue raised in the Findings and Recommendation, research

1 - ORDER

logging, I find that the defendant adequately supported its contention that the proposed salvage logging in the research area is consistent with LSR objectives. I agree with Judge Cooney that the defendant gave thorough consideration to whether the proposed salvage would comply with the NWFP, and articulated its analysis in detail. Specifically, the court notes that the FEIS contains a table which addresses compliance with the LSR salvage guidelines and specifically Standard and Guideline #3 (the retention of snags). The FEIS shows that the largest, hardest snags will be retained and retention will emphasize both pine and douglas fir as they are the most persistent and have greater value for wildlife. The FEIS addresses the number of snags that will be retained and sets forth a thorough snag retention schedule.

This is very different from the record before this court in <u>Oregon Natural Resources Council v. Brong et al.</u>, civ. no. 04-693-CO. For example, in <u>Brong</u>, this court found that the BLM would average snag retention in salvaged and non-salvaged areas to meet snag retention levels. Here, there is no allegation by the defendant that snag retention levels will be meet by averaging. The defendant here did not act in a arbitrary and capricious fashion regarding proposed salvage logging in research areas.

Next, Judge Cooney examined defendant's proposed logging in nonsuitable woodlands. I agree with Judge Cooney's finding that, unlike the record in <u>Brong</u>, the defendant here addressed plaintiff's mitigation concerns with specific data from the record. Judge Cooney held that the defendant demonstrated

2 - ORDER

compliance with the RMP's mitigation requirements, and that Brong was distinguishable because of defendant's proposed mitigation measures and the "extensive study and analysis supporting those measures." See Findings and Recommendation, p. 24-26. I agree that the defendant's actions here do not rise to the level of arbitrary and capricious.

Finally, Judge Cooney examined defendant's proposed salvage logging in a deferred watershed and found that the defendant adequately concluded that the proposed activities were unlikely to contribute to the variables that led to the deferred status. I agree with Judge Cooney's findings; specifically, that the level of surface disturbance will be minimal due to high soil infiltration capacity, no new permanent road construction, and use of helicopter logging as the sole means of logging. Unlike the record in Brong, the defendant's conclusions here were supported with a thorough analysis of the cumulative effects of the project, and a thorough analysis of the mitigation measures and restoration measures designed to minimize the impacts to the project and other detrimental effects of the fire. I find that Judge Cooney's analysis and recommendation is correct and agree that the defendant was not arbitrary and capricious.

In conclusion, I ADOPT the Magistrate's Findings and Recommendation (doc. 55) that plaintiff's motion for summary judgment (doc. 17) is denied, and defendant's motion to dismiss, or in the alternative for summary judgment (doc. 24), is granted. Further, plaintiff's motion for preliminary injunction (doc. 40) is denied.

IT IS SO ORDERED.

3 - ORDER

Dated this _3_ day of October 2005.

                                                          */s/ Ann Aiken*
                                                     Ann Aiken
                                      United States District Judge

4 - ORDER